IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LESTER JON RUSTON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 05-3243-CV-S-RED-H |
| UNITED STATES BUREAU OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND JUDGMENT

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the petition herein for a writ of habeas corpus was referred to the United States Magistrate for preliminary review under the provisions of 28 U.S.C. § 636(b).

The United States Magistrate has completed his preliminary review of the petition herein for a writ of habeas corpus and has submitted to the undersigned a report and recommendation that the petition for a writ of habeas corpus be dismissed without prejudice.

Petitioner has filed exceptions to the report and recommendation of the Magistrate in which he continues to challenge an alleged invalid civil commitment order issued by the United States District Court for the Northern District of Texas. It is his position that there is no provision allowing a civil committee under 18 U.S.C. § 4241(d) to pro se challenge his commitment in the committing court. He contends that a petition for habeas corpus is the proper vehicle to challenge the commitment. Petitioner argues that the District Court for the Northern District of Texas has failed to rule on his Motion to Dismiss Counsel, and has ignored his numerous pro se pleadings, and that he therefore has no opportunity for relief in the committing court.

Having fully reviewed the record de novo, the Court agrees with the Magistrate that the petition should be dismissed. Petitioner is reminded that this dismissal is without prejudice to his right to challenge his commitment in the Northern District of Texas, which, as the committing court, is the proper forum in which to pursue the relief he seeks. The fact that the Court may have entered rulings that petitioner believes to be unsatisfactory does not establish that he has been denied legal access to the courts. The law is clear that the court that ordered the commitment should determine issues related to the legality of that commitment. Archuleta v. Hedrick, 365 F.3d 644, 649 (8th Cir. 2004); United States v. Copley, 25 F.3d 660, 662 (8th Cir. 1994).

Based on the file and records in this case, it is concluded that the findings of fact, conclusions of law, and proposed actions of the Magistrate are correct and should be approved. It is therefore

ORDERED that petitioner's exceptions filed herein be, and they are hereby, considered and overruled. It is further

ORDERED that petitioner be, and he is hereby, denied leave to proceed in forma pauperis. It is further

ADJUDGED that the petition herein for a writ of habeas corpus be, and it is hereby, dismissed without prejudice.

    */s/ Richard E. Dorr*
RICHARD E. DORR
United States District Judge

Date: January 30, 2006